**UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE: THE HONORABLE TIMOTHY M. REIF, JUDGE**

| | |
|---|---|
| WANHUA CHEMICAL (AMERICA) CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )    **Court No. 26-3235** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## <u>CONSENT MOTION TO INTERVENE</u><br><u>AS A MATTER OF RIGHT</u>

Pursuant to Rule 24(a) of the Rules of this Court, the *Ad Hoc* MDI Fair Trade Coalition (the "Coalition"), whose members are The Dow Chemical Company and BASF Corporation, moves to intervene in this action as a matter of right.[1]   As we discuss below, the Coalition and its members have the ability to intervene in this matter as a matter of right under 28 U.S.C. §2631(j)(1)(B) and Rule 24(a) of the Rules of this Court.   As we also discuss below, the other parties have consented to this motion.

In this action, Plaintiff Wanhua Chemical (America) Co., Ltd. ("Wanhua") contests the final affirmative material injury determination issued by the United States International Trade Commission ("Commission") in the antidumping duty investigation of methylene diphenyl diisocyanate ("MDI") from China. *See Methylene Diphenyl Diisocyanate from China: Final*

---

[1] We note that this motion to intervene is timely because it is filed within 30 days after the filing and service of the complaint in this action.  The complaint was filed on July 20, 2026.

*Affirmative Determination of Material Injury*, 91 Fed. Reg. 31,743 (ITC May 28, 2026) ("*Final*

*Determination*"); *Methylene Diphenyl Diisocyanate from China,* Inv. No. 731-TA-1733 (Final),

USITC Pub. 5737 (May 2026).  In its complaint, Wanhua challenges the Commission's findings

that the volume of the subject imports of MDI was significant during the period of investigation,

that the subject imports had significant price effects during the period, and that the subject

imports had a significant adverse impact on the domestic industry during the period.  Complaint,

¶¶ 24-42.

The Coalition may intervene in this action as a matter of right.  The Coalition's members,

which include The Dow Chemical Company and BASF Corporation, are U.S. producers of the

domestic like product and are therefore interested parties within the meaning of 19 U.S.C. §§

1677(9)(C) and 1516a(f)(3), as well as 28 U.S.C. § 2631(k)(1).  As a result, the Coalition is an

association whose members are all producers of the domestic like product and is therefore an

interested party within the meaning of 19 U.S.C. §§ 1677(9)(E), and 1516a(f)(3), and 28 U.S.C.

§ 2631(k)(1).

The Coalition and its members have a direct interest in the subject matter of this

litigation.  The Coalition and its members filed the antidumping duty petition on MDI from

China, prevailing before the Commission and the Department of Commerce.  In addition, the

Coalition and its members actively participated in the entire investigation before the Commission

by filing all information requested by the Commission, by submitting briefs to the Commission

on the issues presented, and by appearing at the Commission's staff conference and hearing.

Given these facts, there is no question that the Coalition and its members have standing to

intervene as a matter of right pursuant to 28 U.S.C. §2631(j)(1)(B) and Rule 24(a) of the Rules of

this Court.  The Coalition and its members seek to intervene on the side of defendant, the United

States International Trade Commission in this action.  They intend to support the Commission in its defense of the aspects of the Commission's Final Injury Determination that are contested by Plaintiff, i.e., the Commission's findings that the volume of the subject imports were significant during the period of investigation, that the subject imports had significant price effects during the period, and that the subject imports had a significant adverse impact on the domestic industry during the period.

On August 11, 2026, Mr. Neal J. Reynolds, counsel for the Coalition, consulted with Mr. Michael Haldenstein, counsel for Defendant, the United States International Trade Commission. Mr. Haldenstein consented to this motion.  On the same date, Mr. Reynolds also consulted with Mr. Daniel Porter, counsel for Plaintiff Wanhua.  Mr. Porter also consented to this motion.

In sum, as the petitioner and domestic interested parties that participated as a party in the Commission investigation that is now on appeal, the Coalition and its members have a statutory right to intervene in this appeal.   We therefore respectfully request that the Court grant this motion to intervene as a matter of right.

Respectfully submitted,

*/s/ Stephen J. Orava*
Stephen J. Orava
Neal J. Reynolds
Barbara Medrado
**KING & SPALDING LLP**
1700 Pennsylvania Avenue, NW
Washington, D.C.  20006
(202) 737-0500

*Counsel for the Ad Hoc MDI Fair Trade Coalition*

Date: August 12, 2026

**UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE: THE HONORABLE TIMOTHY M. REIF, JUDGE**

|  |  |
|---|---|
| **WANHUA CHEMICAL (AMERICA) CO., LTD.,** )<br>)<br>)<br>) |  |
| **Plaintiff,** ) | |
| ) | |
| **v.** )<br>) | **Court No. 26-3235** |
| ) | |
| **UNITED STATES,** ) | |
| ) | |
| **Defendant.** )<br>)<br>) | |

## ORDER

Upon consideration of the Consent Motion to Intervene as a Matter of Right filed by the *Ad Hoc* MDI Fair Trade Coalition, and upon consideration of other papers and proceedings herein, it is hereby

**ORDERED** that the motion is granted; and it is further

**ORDERED** that the *Ad Hoc* MDI Fair Trade Coalition is a party to this action as defendant-intervenor.

_____
Judge Timothy M. Reif
U.S. Court of International Trade

Dated: _____